El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.

---

EL PUEBLO, APELADO, *v.* GESTERA, APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 512.—Resuelto en enero 23, 1913.

DERECHO PENAL—INFRACCIÓN DEL REGLAMENTO DE SANIDAD—CASAS A PRUEBA DE RATAS.—Es insuficiente la acusación por no expresar si la casa que se dice ser de la propiedad del acusado, objeto de las reformas ordenadas por el Director de Sanidad, está dedicada a vivienda y tiene el piso de la planta baja de madera, o si se trata de un edificio destinado a mercado, almacén, depósito, panadería, fábrica de pastas y conservas alimenticias, licorería, dulcería, tienda, colmado, bodega, muelle, hotel, café, restaurant, bodegón y ventorrillo, cuya alegación es indispensable en el presente caso para determinar una infracción del Reglamento de Sanidad No. 3. Resuelto por los fundamentos de la opinión emitida en el caso No. 496, *El Pueblo* v. *Blanco,* 18 D. P. R., 1020.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

La parte apelante no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La presente causa se originó en la Corte de Distrito del Distrito Judicial de San Juan, Sección 2ª., a virtud de acusación jurada y firmada del Fiscal de dicho distrito, fecha 1º. de octubre del año próximo pasado, que en lo pertinente dice así:

"El Fiscal formula acusación contra Teótimo Gestera por un delito de infracción al Reglamento de Sanidad No. 3, sobre construcción y conservación a prueba de ratas de los edificios y sus dependencias, promulgado de acuerdo con la ley, el 15 de julio de 1912, (*misdemeanor*) cometido como sigue: el citado Teótimo Gestera, allá el día 9 de agosto de 1912, en Puerta de Tierra, que forma parte del Distrito Judicial de San Juan, fué notificado por el Inspector de Sanidad J. A. Torres, de una orden expedida por el Director de Sanidad, para que dentro de un plazo de dos días contados desde la fecha de la notificación, hiciera las siguientes reformas en una casa de su propiedad, situada en la calle de San Agustín, Puerta de Tierra, y marcada por la Sanidad con el No. 10: Elevando la casa a una elevación de 2 pies o rodearla de concreto que profundicen 2 pies y ajusten perfectamente al piso de la casa. No permitiéndose excavar la tierra de debajo de la casa. Y el citado Teótimo Gestera, ilegal y voluntariamente dejó transcurrir con exceso el plazo dádole, sin que hasta la fecha haya efectuado ninguna de las reformas indicadas. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico. J. Sifre, Fiscal del Distrito."

Celebrado el juicio, la corte por sentencia de 7 de octubre citado declaró culpable al acusado y lo condenó a pagar una multa de $25 y en defecto de pago a sufrir un día de cárcel por cada dólar de multa que dejara de satisfacer, sin costas, contra cuya sentencia interpuso aquél recurso de apelación para ante esta Corte Suprema.

Examinada la denuncia en relación con el Reglamento de Sanidad No. 3, que se supone infringido, no encontramos que exista infracción de dicho reglamento determinada por los hechos que se relatan en la acusación, pues en ésta no se expresa si la casa que se dice ser de la propiedad de Teótimo Gestera, objeto de las reformas ordenadas por el Director

de Sanidad, está dedicada a vivienda y tiéne el piso de la planta baja de madera o si se trata de un edificio destinado a mercado, almacén, depósito, panadería, fábrica de pastas y conservas alimenticias, licorería, dulcería, tienda, colmado, bodega, muelle, hotel, café, restaurant, bodegón y ventorrillo, y tal alegación en una o en otra forma es necesaria para poder apreciar si la orden notificada a Gestera por el Inspector de Sanidad J. A. Torres, era legal por ajustarse a los preceptos del Reglamento de Sanidad de que se trata, y aparejaba, por tanto, debido cumplimiento.

No apareciendo de la acusación que la orden que el acusado dejó de cumplir fuera válida y legal, por haberse omitido en la acusación elementos necesarios para determinar su validez, se hace imposible afirmar que el acusado estuviera obligado a cumplirla y, por tanto, tenemos que llegar a la conclusión de que los hechos relatados en dicha acusación no constituyen una infracción manifiesta del Reglamento de Sanidad No. 3.

Ya hemos establecido esa misma doctrina en el caso No. 496 de *El Pueblo v. Blanco,* 18 D. P. R., 1020, y la hemos ratificado en los Nos. 508 (pág. 7) y 511 (pág. 18), de *El Pueblo v. Gestera* y en el No. 510, también de *El Pueblo v. Gestera,* (pág. 31), así como también en el No. 509 de *El Pueblo v. Gestera* (pág. 40).

La sentencia apelada debe revocarse y desestimarse la acusación.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, del Toro y Aldrey.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.